[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action to quiet title. The litigants are abutting owners of property from a common grantor. Certain events of recent years have CT Page 7650 precipitated a reconsideration of the location of their common boundary. At issue is a twenty foot strip of land which traverses that 286 foot boundary.
There is an error in the property description as it concerns a blazed tree as a monument. This error perhaps fueled the fire of this dispute. A careful review of that error leads the court to the inescapable conclusion that the "error" has absolutely no impact on the common boundary. To find otherwise would force the court to add twenty feet to the width of the defendants' property in derogation of every deed and survey placed in evidence. Notwithstanding the original grantor's recent attempt to convey the twenty foot strip to the defendants by a quit claim deed, there is no credible evidence that the defendants' property is any larger than its deed describes. The grantor's quit claim deed conveyed what the grantor had, which was nothing.
Although the defendants claimed the strip by adverse possession, the only evidence presented was the testimony of Joseph Hanes that his electrical power and cable wire came from a utility pole located in the disputed strip of land. Again, adding fuel to the fire is the non-existence of any deeds of right of ways to any utility company for the pole in question. Adverse possession has not been proven by the defendants.
The court finds the issues for the plaintiffs by clear and positive evidence. The court declares that the plaintiffs are the owners in fee simple of the disputed strip and that the defendants have no proprietary interest in the subject strip.
At the conclusion of the trial there was an on the record discussion concerning the utility pole and the attached cable service. It was agreed by the parties that the defendants shall have the right to access utility pole #2623 for power and cable service for transmission to buildings located on their property. This was a neighborly act which hopefully will result in a reciprocity of neighborliness. It would be important for the defendants and their heirs and assigns to have the same access.
The court leaves to the parties how best such access shall be preserved.
The court compliments both lawyers on their professional competence and obvious preparation. It is always a pleasure for a judge to have able and knowledgeable trial attorneys in his court.
Judgment shall enter accordingly.
GILL, J.